Citation Nr: 1513882 
Decision Date: 03/31/15 Archive Date: 04/03/15

DOCKET NO. 12-13 598 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Muskogee, Oklahoma


THE ISSUE

Entitlement to service connection for a left shoulder disability.


REPRESENTATION

Veteran represented by: Disabled American Veterans


ATTORNEY FOR THE BOARD

M.W. Kreindler, Counsel


INTRODUCTION

The Veteran served on active duty from November 1955 to May 1956. 

This matter came to the Board of Veterans' Appeals (Board) on appeal from a November 2011 rating decision issued by the Department of Veterans Affairs (VA) Regional Office (RO) in Cleveland, Ohio, which denied the benefit sought on appeal.

The Veteran failed to appear for a Board hearing scheduled in July 2013, and he did not provide good cause for his absence. Therefore, his hearing request is deemed to be withdrawn. See 38 C.F.R. § 20.704(e) (2014).

In September 2013 and June 2014, the Board remanded the Veteran's claims of service connection for left shoulder disability, bilateral hearing loss, erectile dysfunction, and hypertension. In a January 2015 rating decision, the RO granted service connection for bilateral hearing loss, erectile dysfunction, and hypertension, assigning separate noncompensable ratings, effective November 18, 2010. The grant of service connection for these disabilities constitutes a full award of the benefit sought on appeal as to those issues. See Grantham v. Brown, 114 F. 3d 1156, 1158 (Fed. Cir. 1997). To date, neither the Veteran nor his representative submitted a jurisdiction-conferring notice of disagreement as to the down-stream elements of effective date or compensation level within the applicable time period. Thus, those issues are not currently in appellate status. Id.

This appeal has been advanced on the Board's docket pursuant to 38 C.F.R. § 20.900(c). 38 U.S.C.A. § 7107(a)(2) (West 2014).


FINDING OF FACT

The weight of the evidence is against a finding that a left shoulder disability manifested during service or is otherwise due to active service.



CONCLUSION OF LAW

The criteria for entitlement to service connection for a left shoulder disability have not been met. 38 U.S.C.A. §§ 1101, 1131 (West 2002); 38 C.F.R. §§ 3.102, 3.303, 3.307, 3.309 (2014).


REASONS AND BASES FOR FINDING AND CONCLUSION

I. Duties to Notify and Assist

In a December 2010 letter, the RO satisfied its duty to notify the Veteran under 38 U.S.C.A. § 5103(a) and 38 C.F.R. § 3.159(b). In relevant part, the RO notified the Veteran of: information and evidence necessary to substantiate the claim; information and evidence that VA would seek to provide; information and evidence that he was expected to provide; and of the process by which initial disability ratings and effective dates are assigned, as required by Dingess/Hartman v. Nicholson, 19 Vet. App. 473 (2006). 

The "duty to assist" contemplates that VA will help a claimant obtain records relevant to the claim, whether or not the records are in Federal custody, and that VA will provide a medical examination when necessary to make a decision on the claim. 38 C.F.R. § 3.159. VA has completed all reasonable actions possible to assist the Veteran with developing his claim for benefits in accordance with 38 U.S.C.A. § 5103A and 38 C.F.R. § 3.159(c). Relevant service treatment records (STRs), and private medical records have been associated with the claims file. Additionally, the Veteran was afforded a VA examination in October 2013 and an addendum opinion was proffered in August 2014. 

Additionally, the Board finds that the AOJ substantially complied with the collective September 2013 and June 2014 remand directives. See Dyment v. West, 13 Vet. App. 141, 146-47 (1999); Stegall v. West, 11 Vet. App. 268 (1998). In this regard, the Board remanded this claim in September 2013 in order to obtain private treatment records, and to afford him a VA examination. Private treatment records were obtained and the Veteran was afforded the required VA examination in October 2013. As the examination report was not entirely responsive to the Board's remand directives, this matter was remanded in June 2014 to obtain an addendum opinion. The addendum opinion was proffered in August 2014.

For the above reasons, no further notice or assistance to the Veteran is required to fulfill VA's duty to assist in the development of the service connection claim for a left shoulder disability. Smith v. Gober, 14 Vet. App. 227 (2000), aff'd, 281 F.3d 1384 (Fed. Cir. 2002); Dela Cruz v. Principi, 15 Vet. App. 143 (2001).

II. Service Connection

The Board has reviewed all of the evidence in the Virtual claims folder. Although there is an obligation to provide reasons and bases supporting this decision, there is no need to discuss, in detail, the extensive evidence of record. Indeed, the Court of Appeals for the Federal Circuit (Court) has held that the Board must review the entire record, but does not have to discuss each piece of evidence. Gonzales v. West, 218 F.3d 1378, 1380-81 (Fed. Cir. 2000). Therefore, the Board will summarize the relevant evidence where appropriate, and the analysis below will focus specifically on what the evidence shows, or fails to show, as to the claim. 

Applicable law provides that service connection will be granted if it is shown that the veteran suffers from disability resulting from an injury suffered or disease contracted in the line of duty or for aggravation of a pre-existing injury or disease in line of duty, or for aggravation of a preexisting injury suffered or disease contracted in line of duty, in the active military, naval, or air service. 38 U.S.C.A. § 1131; 38 C.F.R. § 3.303. 

Service connection may also be granted for any disease diagnosed after discharge, when all the evidence, including that pertinent to service, establishes that the disease was incurred in service. 38 C.F.R. § 3.303(d).

Certain chronic diseases, such as arthritis, are presumed to have been incurred in service if manifested to a compensable degree within one year of discharge from service; or if manifested in service and at any time thereafter. 38 U.S.C.A. §§ 1112, 1133; 38 C.F.R. §§ 3.303(b), 3.307, 3.309. Service connection for the chronic diseases enumerated in 38 U.S.C.A. § 1112 may also be proven by lay evidence alone if the evidence shows a continuity of symptomatology for that chronic disease. Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013).

Establishing service connection generally requires (1) medical evidence of a current disability; (2) medical or, in certain circumstances, lay evidence of in-service incurrence or aggravation of a disease or injury; and (3) medical evidence of a nexus between the claimed in-service disease or injury and the present disability. Shedden v. Principi, 381 F.3d 1163, 1167 (Fed. Cir. 2004); see Caluza v. Brown, 7 Vet. App. 498, 506 (1995), aff'd per curiam, 78 F.3d 604 (Fed.Cir.1996) (table); Hickson v. West, 12 Vet. App. 247, 253 (1999); 38 C.F.R. § 3.303.

Under 38 C.F.R. § 3.303(b), an alternative method of establishing the second and third Shedden/Caluza elements, in the case of a listed chronic disease, is through a demonstration of continuity of symptomatology. Barr v. Nicholson, 21 Vet. App. 303 (2007); see Savage v. Gober, 10 Vet. App. 488, 495-97 (1997); see also Clyburn v. West, 12 Vet. App. 296, 302 (1999). This means of service connection is only available for claims predicated on chronic diseases as set forth under 38 C.F.R. § 3.309(a). Walker v. Shinseki, 708 F.3d 1331 (Fed. Cir. 2013). 

Continuity of symptomatology may be established if a claimant can demonstrate (1) that a condition was "noted" during service; (2) evidence of post-service continuity of the same symptomatology; and (3) medical or, in certain circumstances, lay evidence of a nexus between the present disability and the post-service symptomatology. Savage, 10 Vet. App. at 495-96; see Hickson, 12 Vet. App. at 253 (lay evidence of in-service incurrence sufficient in some circumstances for purposes of establishing service connection); 38 C.F.R. § 3.303(b).

In adjudicating this claim, the Board must assess the Veteran's competence and credibility. See Buchanan v. Nicholson, 451 F.3d 1331 (Fed. Cir. 2006); Washington v. Nicholson, 19 Vet. App. 362, 368- 69 (2005).

In Barr v. Nicholson, 21 Vet. App. 303 (2007), the Court emphasized that lay testimony is competent if it is limited to matters that the witness has actually observed and is within the realm of the witnesses personal knowledge. See also 38 C.F.R. § 3.159(a)(2) (Competent lay evidence means any evidence not requiring that the proponent have specialized education, training or experience. Lay evidence is competent if it is provided by a person who has knowledge of the facts or circumstances and conveys matters that can be observed and described by a lay person).

The Veteran seeks entitlement to service connection for a left shoulder disability, which he asserts stems from repeated incidents of abuse that took place during his service. Specifically, he contends that during his service in the United States Marine Corps in the 1950's, he was frequently hit and stomped on as a disciplinary measure for having a dirty rifle, unshined shoes, and an unkempt bed. 

The Veteran's STRs are devoid of any complaints, treatment, or diagnoses referable to the left shoulder. He has indicated in statements, however, that he could not report to a hospital or seek medical treatment because of the further abuse that he would endure as a member of the Marine Corps. His May 1956 separation examination, however, does indicate that he had a visible scar on the left deltoid which was not noted on his November 1955 enlistment examination.

Post-service medical records do not reflect any complaints, treatment, or diagnoses related to the left shoulder.

In October 2013, the Veteran underwent a VA examination. The Veteran reported that his drill instructor got angry with him during service and hit him with a rifle on his left shoulder. He had to put a bandage on the shoulder for many days but he did not bring this to anybody's attention at that time. The VA examiner diagnosed degenerative joint disease (DJD) of the left shoulder. The examiner opined that it was less likely than not that the disability was incurred in or caused by an in-service injury, event, or illness. The examiner noted that the separation examination did not indicate any evidence of complaints related to the left shoulder. The examiner also noted that there is no documented evidence of the Veteran receiving treatment for the left shoulder within 5 years of discharge from service. The examiner stated that his shoulder condition is likely age related.

As the examiner primarily relied on an absence of noted treatment for or complaints of left shoulder pain during service or in the first five years following separation, and did not consider the Veteran's contentions regarding in-service injury due to physical abuse, an addendum opinion was sought. 

In August 2014, a VA examiner reviewed the Virtual folder and provided an addendum opinion. The examiner opined that it is less likely than not (less than 50 percent probability) that the Veteran's claimed left shoulder disability, currently diagnosed as left shoulder DJD, had its clinical onset during active service or is related to any in-service disease, event, or injury, to include as a result of the credibly reported incident where he was hit in the shoulder with a rifle stock by a superior officer, leaving a scar. 

The examiner stated that the Veteran entered military service without history of a physical finding of a shoulder disorder as documented on his enlistment physical. The examiner acknowledged the Veteran's assertions of his in-service experiences, specifically being struck repeatedly by his sergeant with the butt of his rifle. The examiner stated that the Veteran's credible statement with respect to trauma from the butt of rifle during boot camp was appreciated.

The examiner stated that review of medical records including STRs and private medical records did not reveal documentation of his medical evaluation or treatment for complaint of a symptom related to the shoulder or injury while in active military service, or in the five year following military service. His undesirable discharge physical dated in May 1956 included an examination with normal clinical evaluation, except for delineated marks and scars, including a vaccination scar, left deltoid. The summery of defects reflected "none." The examiner stated that there was no scar on the shoulder except for a small pox vaccination.

The examiner reviewed the private medical records with the earliest records dating from August 2002 and did not find medical evaluation or treatment of the Veteran for symptomatic complaint or injury related to his shoulder. The examiner acknowledged the Veteran's reports to the October 2013 VA examiner and the findings of the VA examiner. 

While the Veteran has been diagnosed with a current left shoulder disability, and while he has credibly reported suffering an in-service left shoulder injury, due to being hit with a rifle butt by a superior officer, there is no competent or credible evidence of record linking left shoulder disability to the in-service injury.

As detailed above, the August 2014 VA examiner considered the Veteran's assertions, the service treatment records, and post-service medical records and opined that the current left shoulder condition is not due to his asserted in-service injury. The August 2014 VA examiner provided a clear rationale in support of the conclusions based on review of the record. See Boggs v. West, 11 Vet. App. 334 (1998). Given the depth of the examination report, and the fact that the opinion was based on a review of the applicable record, the Board finds such opinion is probative and material to the Veteran's service connection claim. See Owens v. Brown, 7 Vet. App. 429 (1995). Based on the examiner's opinion, the Board cannot reach a finding that the Veteran has a current left shoulder disability that is at least as likely as not related to service. While he credibly reported suffering an injury to his left shoulder during service, there is no credible evidence of record etiologically linking his current disability to his in-service injury. There is no contrary medical opinion of record. 

While the Board has given consideration to the lay evidence from the Veteran, he does not have the requisite medical expertise to find that his current left shoulder disability is due to service. His opinion in this regard is not competent, given the complexity of the medical question involved. In light of the contentions of the Veteran as to an in-service injury, a medical opinion was sought, which was negative. The medical evidence and opinion outweighs the lay contentions of the Veteran. While arthritis is a chronic disease subject to special provisions, there is no evidence of arthritis within one year of active service and the evidence does not disclose continuity of symptomatology. Therefore, service connection cannot be established through the chronic disease presumption or lay statements of continuity of symptomatology. See Walker, 708 F.3d at 1331; 38 C.F.R. §§ 3.307 , 3.309.

In conclusion, the most probative evidence is against a link between current left shoulder disability, and a disease or injury in service. As the preponderance of the evidence is against the claim, reasonable doubt does not arise, and the claim is denied. See 38 U.S.C.A. § 5107(b); Gilbert v. Derwinski, 1 Vet. App. 49, 54-56 (1990).


ORDER

Entitlement to service connection for a left shoulder disability is denied.



____________________________________________
ERIC S. LEBOFF
Veterans Law Judge, Board of Veterans' Appeals


Department of Veterans Affairs